UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MICHAEL BELLUOMINI, ) | |
| ) | |
| Plaintiff, ) | No. 17 C 5011 |
| ) | |
| v. ) | Magistrate Judge M. David Weisman |
| ) | |
| NANCY A. BERRYHILL, Deputy ) | |
| Commissioner for Operations, ) | |
| performing the duties and functions ) | |
| not reserved to the Commissioner of ) | |
| Social Security, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

Michael Belluomini brings this action pursuant to 42 U.S.C. § 405(g) for judicial review of the Social Security Administration ("SSA's") decision denying his application for benefits. For the reasons set forth below, the Court reverses the SSA's decision.

**Background**

Plaintiff filed an application for disability benefits on August 26, 2015, alleging a disability onset date of September 15, 2013. (R. 77, 89.) Plaintiff's application was denied initially on November 30, 2015, and on reconsideration on April 19, 2016. (R. 89, 108.) An Administrative Law Judge ("ALJ") held a hearing on plaintiff's application on November 30, 2016. (*See* R. 36-75.) On January 31, 2017, the ALJ denied plaintiff's application. (*See* R. 17-30.) The Appeals Council denied plaintiff's request for review (R. 1-4), leaving the ALJ's decision as the final decision of the SSA, reviewable by this Court pursuant to 42 U.S.C. § 405(g). *See Villano v. Astrue*, 556 F.3d 558, 561-62 (7th Cir. 2009).

**Discussion**

The Court reviews the ALJ's decision deferentially, affirming if it is supported by "substantial evidence in the record," i.e., "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *White v. Sullivan*, 965 F.2d 133, 136 (7th Cir. 1992) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). "Although this standard is generous, it is not entirely uncritical," and the case must be remanded if the "decision lacks evidentiary support." *Steele v. Barnhart*, 290 F.3d 936, 940 (7th Cir. 2002) (citation omitted).

Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The regulations prescribe a five-part sequential test for determining whether a claimant is disabled. *See* 20 C.F.R. § 404.1520(a). The SSA must consider whether: (1) the claimant has performed any substantial gainful activity during the period for which she claims disability; (2) the claimant has a severe impairment or combination of impairments; (3) the claimant's impairment meets or equals any listed impairment; (4) the claimant retains the residual functional capacity to perform her past relevant work; and (5) the claimant is able to perform any other work existing in significant numbers in the national economy. *Id.*; *Zurawski v. Halter*, 245 F.3d 881, 885 (7th Cir. 2001). The claimant bears the burden of proof at steps one through four. *Zurawski*, 245 F.3d at 886. If that burden is met, at step five, the burden shifts to the SSA to establish that the claimant is capable of performing work existing in significant numbers in the national economy. 20 C.F.R. § 404.1560(c)(2).

At step one, the ALJ found that plaintiff had not engaged in substantial gainful activity since the alleged onset date. (R. 19.) At step two, the ALJ determined that plaintiff has the severe impairments of "right shoulder injury, generalized pain, obesity, depressive disorder and anxiety disorder." (*Id.*) At step three, the ALJ found that plaintiff does not have an impairment or combination of impairments that meet or medically equal the severity of one of the listed impairments. (R. 20.) At step four, the ALJ found that, plaintiff was unable to perform any past relevant work but had the residual functional capacity ("RFC") to perform sedentary work with certain restrictions. (R. 23, 29.) At step five, the ALJ found that jobs exist in significant numbers in the national economy that plaintiff can perform, and thus he is not disabled. (R. 29-30.)

Plaintiff argues that the ALJ improperly weighed the Veterans Administration's ("VA's") decision that plaintiff was disabled. With respect to the VA's decision, the ALJ said:

> . . . . [T]he VA assigned claimant a 70% total disability due to his knee, elbow, cervical spine, myofacial pain, and shoulder [pain]. On July 1, 2015, the VA found claimant one hundred percent disabled. Little weight is given to this opinion because a decision by another governmental agency about whether a person is disabled is based on its rules and is not our decision about whether a person is disabled. The VA uses different standards and awards percentages which is different from a disability determination based on Social Security Law. Therefore, a determination made by another agency that a person is disabled is not binding on Social Security Administration. . . .

(R. 28.)

Though the VA's decision is not binding on the Social Security Administration, 20 C.F.R. § 404.1504,[1] the ALJ is "required to evaluate all of the evidence in the case record that [might] have a bearing on [her] determination . . . , including decisions by other governmental . . . agencies" and to "evaluate the [medical] opinion evidence . . . used by other agencies, that [is]

---

[1] This regulation was amended effective March 27, 2017. However, both the current and prior versions of the regulation state that the disability decisions of other governmental agencies are not binding on the Commissioner. *See id.*; 20 C.F.R. § 404.1504 (eff. to Mar. 26, 2017).

3

in [the] case record." SSR 06-03p, 2006 WL 2329939, at *7 (Aug. 9, 2006); *see Allord v. Barnhart*, 455 F.3d 818, 820 (7th Cir. 2006) (stating that an ALJ should have given the VA's disability determination "some weight") (quotation omitted).

The SSA contends that the ALJ did so, citing generally to the ALJ's discussion of the medical evidence. (Def.'s Resp. Pl.'s Mot. Summ. J., ECF 19 at 3-4.) However, that discussion does not address the medical evidence on which the VA disability determination was based. (*Compare* R. 307-407 (Ex. 1F) (medical evidence on which the VA relied), *with* R. 24-28 (ALJ discussion of medical evidence without any mention of the evidence in Exhibit 1F)), which distinguishes this case from the ones cited by the SSA. *See Gleason v. Colvin*, No. 13-C-1378, 2015 WL 3454126, at *24 (E.D. Wis. May 29, 2015) ("Here, the ALJ . . . consider[ed] . . . the reports of the VA doctors upon which the disability rating was based . . . ."); *Kirby v. Colvin*, No. 2:14-CV-252-WTL-MJD, 2015 WL 3862524, at *11 (S.D. Ind. June 22, 2015) (noting that "the ALJ discussed both the objective tests that the VA performed and the conclusions that the VA's doctors reached"). Because the ALJ's decision gives no indication that she considered the medical evidence relied on by the VA, the case must be remanded.

Plaintiff also argues that the ALJ improperly evaluated the opinion evidence of consultative examiner Dr. Kocher. Dr. Kocher opined that plaintiff has "a chronic history of anxiety and depression that has resulted in severe impairment in social, occupational, and interpersonal functioning." (R. 410.) The ALJ gave "[l]ittle weight" to Dr. Kocher's opinion because she was not plaintiff's treating physician; did not point to evidence to support her opinion that plaintiff is severely impaired; and relied on plaintiff's reports of panic attacks, which the rest of the record refuted. (R. 28.) The regulations require an ALJ "[to] evaluate every medical opinion" by considering a number of factors, including whether the medical

4

source is a specialist, whether the source examined or treated the claimant, the evidentiary support offered for the medical source's opinion, and whether the opinion is consistent with the record as whole.  20 C.F.R. § 404.1527(c).  These are precisely the factors the ALJ considered.  Thus, the ALJ did not err in evaluating Dr. Kocher's opinion.

**Conclusion**

For the reasons set forth above, the Court grants plaintiff's motion for summary judgment [12], reverses the SSA's decision, and remands the case for further proceedings consistent with this Memorandum Opinion and Order.

**SO ORDERED.**                              **ENTERED: June 14, 2018**


_____
**M. David Weisman**
**United States Magistrate Judge**